**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| J. J. *et al*,<br><br>                    Plaintiffs<br>v.<br><br>United States of America,<br>                    Defendants | NO. 2:15-cv-1967<br><br>ORDER APPOINTING LITIGATION GUARDIAN AD LITEM<br>(Clerks Action Required) |

A Motion for Appointment of Litigation Guardian ad Litem having been filed on behalf of the above-named minor, the Court finding that the facts set forth give the court jurisdiction over this matter, and that pursuant to SPR 98.16W, a Litigation Guardian ad Litem or independent attorney is required to investigate and evaluate the proposed Litigation; now therefore:

THE COURT ORDERS

A. Litigation Guardian ad Litem Rebecca Albright, telephone number 425-315-6924, is a person found or known by the court to be a suitable disinterested person having the requisite knowledge, training and expertise to perform the duties required by RCW 11.88.090 and SPR 98.16W, and is hereby appointed to represent the interests of the named minor or incapacitated person.

B. Presumptive fee limit. The Litigation Guardian ad Litem shall be paid at an hourly rate agreed upon or approved by the court.

*IMPORTANT MESSAGE FOR THE LITIGATION GUARDIAN AD LITEM*

C.     Duties. The Litigation Guardian ad Litem shall have the following duties:

1. To investigate and evaluate the adequacy of the offered litigation in light of the needs and best interests of the minor or incapacitated person.

2. To review written or oral reports from the attorneys, guardians, and medical providers necessary to permit a complete report as required by SPR 98.16W.

3. To provide the court with a written report, which shall include a description in depth appropriate to the magnitude of injuries and the amount offered, of the following information, as a minimum:

__**Christopher P. Williams**__
143- 5th Ave North, Edmonds, WA 98020 (425) 778-1151

a) Summary: State the amount of the litigation that you are recommending and how the net proceeds will be distributed.

b) Appointment of Litigation Guardian ad Litem: State your name, date of appointment, and the date that you started working on this matter. Give a brief statement of your experience and qualifications as pertain to serving a litigation Guardian ad Litem, or attach a C. V. with this information. Describe your relationship, if any, with involved parents, guardians, insurers, or attorneys.

c) Investigation: Describe the investigation you conducted, the persons interviewed, and the documents you reviewed.

d) Description of Incident and Cause of Action: Describe the incident and affected person's legal claims.

e) Injuries: Describe the special and general damages that are potentially recoverable.

f) Damages: Describe the special and general damages that are potentially recoverable.

g) Liability Issues: Describe the factors bearing on each potential defendant person or entity's liability, including issues of primary negligence, contributory or comparative negligence, causation and probable chance of recovery.

. h) Insurance & Assets Available to Satisfy Claim: State the nature and extent of all insurance coverage or assets available to satisfy the claim, whether maintained through the defendant, the family, or available through government entitlements.

i) Liens and Subrogation: Identify all liens, subrogation, and reimbursement claims. Make a recommendation regarding how those claims are to be resolved including a recommendation regarding retention on any attorney's trust account of the full amount claimed until the final resolution of the claim.

j) Other claims: identify all other claims arising out of the same occurrence, state whether another family member has a claim arising out of the same occurrence, and whether any family member is or could be a plaintiff or defendant in any action based upon the minor's claim, or the occurrence from which it arose.

k) Apportionment: Indicate the amount, basis, and justification for allocating the gross Litigation to be paid among the carious claimants of the same family or

**Christopher P. Williams**
143- 5th Ave North, Edmonds, WA 98020 (425) 778-1151

unrelated claimants, in any. State whether the minor or incapacitated person was independently represented at the time the proposed apportionment was determined.

l)  Proposed Litigation: discuss and evaluate the reasonableness of the proposed Litigation amount, stating the basis for your valuation of your claims. Also discuss the form the Litigation might take (e.g. blocked account, guardianship, structured litigation, or trust) and proposed Litigation documents.

m)  Expenses and Fees:  Discuss and evaluate the reasonableness of the attorney's requested, costs tot be reimbursed, and any other deductions from the proceeds of the claim.

n)  Disposition of Net Proceeds: set forth your calculation of the net proceeds of the claim. Begin with the proposed offer and subtract attorney's fees and costs, liens and subrogation reimbursement, and litigation guardian ad litem fees.

Give your reasons and recommendations regarding as to how the funds should be placed. If you recommend use of a blocked account, state how the funds shall be transferred into the blocked account and who should be responsible for filing the Receipt for Blocked Account. If a legal guardianship is required, state the nominee and the terms that you recommend, and ensure that forms offered comply with RCW 11.88. If you recommend a structured litigation, state why that option is preferred; specific payout schedule recommended and how it relates to the specific needs of the minor; and a statement which includes the cost of the structured portion, the interest rate received, the name and financial rating of the company providing the annuity. If you or any party recommend the creation of a trust as recipient of the litigation funds, give your recommendation as to the special needs of the incapacitated person and how they would be served by having a trust; specific provisions that ought to be included or omitted from the trust; and your nomination of a professional to draft the trust, and a recommended fee therefore.

o)  Litigation Guardian ad Litem Fees: Attach a declaration of your time and services, giving your professional rate and the amounts sought. Indicate who you recommend pay these fees and costs.

p)  Presence at Hearing: State whether the minor or the litigation Guardian ad Litem, or which other person(s) should be present at the hearing to approve the Litigation.

q)  Litigation Approval Sought on Other Jurisdiction:  state whether the litigation has been submitted for approval in any other court or jurisdiction.

r)  Conclusion: Give your recommendation as to the adequacy of the offered litigation, the application of the proceeds, and the steps to be followed of you recommend that the Litigation not be approved.

**Christopher P. Williams**
143- 5th Ave North, Edmonds, WA 98020 (425) 778-1151

4. The Litigation Guardian ad Litem shall file a report with the court within forty five (45) days after appointment and provide a copy to each party or their counsel, if they are represented.

5. To accomplish all other duties specifically required under SPR 98.16W and any order of the court filed herein.

D. The cost of bringing this proceeding and the Litigation Guardian ad Litem fees will be paid as approved as part of the Litigation, or is reserved for determination at the time the Litigation is submitted to the court.

E. A court's working copy of the report and supporting documentation shall be delivered not later than seven (7) days preceding the hearing to the Ex Parte Department if the proper case assignment area, or to the IC judge, who will be hearing the matter.

F. The Litigation Guardian ad Litem shall not employ or retain counsel or experts to assist in these duties except as authorized in advance by the court, and shall promptly advise the court if others have retained such a person without court authorization, including but not limited to, the retention of counsel to initiate litigation or draft a trust.

G. the Litigation guardian ad litem may seek instruction from the court upon application and notice to all parties, if records or portions of the report contain confidential information which may adversely affect the Litigation or trial of the claim, the Litigation guardian ad litem shall seek direction from the court.

H. The counsel or party requesting this appointment is directed to provide a copy of this order to the Litigation Guardian Ad Litem.

Dated this 16th day of February 2017

_____
JUDGE/~~COMMISSIONER~~

Presented by:

/S/
_____
Christopher P. Williams  18735
Attorney for the Plaintiffs


**Christopher P. Williams**
143- 5th Ave North, Edmonds, WA 98020 (425) 778-1151